IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT MCKINSEY,<br><br>                Plaintiff,<br><br>   vs.<br><br>KINECTA ALTERNATIVE FINANCIAL SERVICES, INC., AND VERIZON WIRELESS,<br><br>                Defendants. | 4:15CV3103<br><br>**MEMORANDUM AND ORDER** |

The plaintiff has moved for "an order requiring Verizon Wireless ('Verizon') to show cause as to why it failed to comply with Plaintiff's subpoena." (Filing No. 18). Neither Verizon Wireless nor the defendant has responded to the motion.

As required under Rule 45(a)(2) of the Federal Rules of Civil Procedure, the subpoena was issued from the United States District Court for the District of Nebraska. It commands the production of only documents, and not the appearance of any person to testify.

But there is no evidence of record showing Verizon was properly served with the subpoena, (Filing No. 18-2, at CM/ECF p. 2), and Verizon has not entered its appearance or responded to Plaintiff's motion in this forum. The court cannot enforce a subpoena against Verizon absent evidence that Verizon was properly served.

Moreover, under Rule 45(c)(2), "production of documents, tangible things, and electronically stored information may be commanded to occur at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person." Fed. R. Civ. P. 45 (2013 Advisory Committee Notes). Based on the record before this court, the subpoena purports to order production of Verizon documents

by a records custodian located in Texas, (Filing No. 18-2), while follow up letters demanding Verizon's response were sent to a records custodian in New Jersey. (Filing Nos. 18-1 & 18-4). The subpoena commands production of the records at the office of Plaintiff's counsel in California. (Filing No. 18-2).

As such, the court finds that even had plaintiff shown the subpoena was properly served on Verizon, the subpoena is defective and unenforceable. Plaintiff's named location for production of the documents, California, is beyond 100 miles from either Texas (or New Jersey), where Verizon's records custodian "resides, is employed, or regularly conducts business in person." Fed. R. Civ. P. 45(c)(2).

Accordingly,

IT IS ORDERED that Plaintiff's Motion For Third Party To Show Cause For Failure To Respond To A Subpoena, (Filing No. 18), is denied.

February 9, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge